IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 FEB 22  P 3: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ZANDRA THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NO. |
| | )  CV 1:06CV162-WKW |
| JC PENNY COMPANY, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a) Defendant JC Penny Company, Inc., files this Notice of removal of action from the Circuit Court of Houston County, Alabama wherein it is now pending as CV-06-013-W, to the United States District Court for the Middle District of Alabama, Southern Division, showing unto the court as follows:

1.  This civil action was commenced on January 10, 2006 and it is now pending in the Circuit Court of Houston County, Alabama in which the above-named Zandra Thorton is the Plaintiff and JC Penny Company, Inc. is a named Defendant. The Summons and Complaint attached hereto were served on the Defendant JC Penny Company, Inc., January 25, 2006, and a copy of all the processes and pleadings served upon Defendant is attached hereto as Exhibit "A" pursuant to 28 U.S.C. 1446(a). No further procedures have taken place in state court as to this matter.

2.  Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy,

2

exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state court to federal court. *Id.*

    a.    This action is one in which this court has original jurisdiction under provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441.

    3.    This is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is based on complete diversity of citizenship of the parties as follows:

    a.    In her Complaint, the Plaintiff alleges that on or about April 25, 2005, she was injured while an invitee on the premises of the Defendant located in Dothan, Houston County, Alabama. The Plaintiff further alleges that she was injured when she entered the restroom, slipped and fell in water that covered the floor of the restroom. As a result of this fall, the plaintiff alleges that she was caused to suffer serious bodily injury and seeks compensatory damages against the Defendant in excess of $50,000.00. Although the Complaint states a minimum damage amount, it does not specify a maximum damage amount. Thus, the amount in controversy may very well exceed the jurisdictional amount of $75,000.00, exclusive of interest and costs.

    b.    The Plaintiff states in her Complaint at all times she was a resident of Dale County, Alabama.

    c.    Defendant JC Penny Company, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Plano, Texas.

    d.    The citizenship of Fictitious Defendants A, B, C, D, E and F should be

3

disregarded for purposes of determining diversity. 28 U.S.C. § 1441(a).

  4. Because the Plaintiff does not seek an expressed maximum damage amount in the above referenced complaint, the Plaintiff's claim may very well exceed $75,000.00 exclusive of interest and costs.

    a. In considering whether the requisite jurisdictional amount in controversy exists, the U.S. Supreme Court has held that "[I]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848 (1938). The *St Paul Mercury* standard specifically applies to consideration of whether a cause is properly removed to federal court. See, *Harger v. Burger King Corp.*, 729 F.Supp. 1579, 1580 (MD La. 1990); *Ronaca & Son, Inc., v. Monarch Water Systems*, 1987 WL 13570 (ND. Ill. 1987).

    b. The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff seeks to recover "compensatory damages against the Defendant in *excess* of $50,000.00 *or in such sums as a jury may deem appropriate* under the circumstances and as the evidence may show… "(emphasis added).

    c. Under Eleventh Circuit precedent, where the damages are unspecified, a removing defendant need not prove to a legal certainty that the plaintiff's claims must exceed the jurisdictional amount; rather, he bears a lighter burden to prove merely by a "preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.1996)(overruled on other grounds).

    d. In the case at bar, the Plaintiff did not attempt to limit the amount of her

4

total claim for damages. Facing a similar situation, the court in *Steeel v. Underwriters Adjusting Co.*, 649 F.Supp. 1414 (M.D.Ala. 1986), was confronted with removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the defendants in the [sic] amount to be fairly ascertained by the jury." *Id.* at 1415. The Steel court rejected the plaintiff's belated argument that the amount in controversy was less than $50,000[1], recognizing in such cases that a court may "turn to the Petition for Removal to ascertain the amount in controversy." *Id.* at 1416. The court's reasoning is still reasonably applicable here:

> "To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play. A plaintiff s*hould not be allowed to deprive a defendant of his right to remove through artful pleading practices*…(emphasis added).
>
> The Plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages may be 'fairly ascertained by the jury.' Permitting such practice allows the Plaintiff to 'have his cake and eat it too.' In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for a jury to return a verdict well in excess of [statutory amount]. Such an approach is simply unfair and will not be permitted by this court." *Id.* 1415-16.

5. This notice is filed in this Court within thirty (30) days after receipt by the Defendant of a copy of the initial pleading setting forth the claims upon which the action is based, and therefore, the time for filing this notice under the provisions of 28 U.S.C. § 1446(b) has not expired.

6. Venue is proper in the Middle District of Alabama, Southern Division, pursuant to 28 U.S.C. § 81(b), as Houston County is within its boundaries.

---

[1] The jurisdictional amount was increased from $50,000 to $75,000 in January of 1997.

5

7. Written notice of the filing of this notice has been given to all parties as required by law.

8. A true and correct copy of this notice will be filed with the Clerk at the Houston County Circuit Court as required by law.

WHEREFORE, THE PREMISES CONSIDERED, Defendant, JC Penny Company, Inc., respectfully submits that this matter has been properly removed from the Circuit Court for Houston County, Alabama, and requests that the Court take proper jurisdiction in this matter in the United States District Court for the Middle District of Alabama, Southern Division.

DONE this the ___21___ day of February, 2006.

_____
RICHARD E. BROUGHTON
ERIS BRYAN PAUL
Attorneys for JC Penny Company, Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Phone: (334) 387-7680
Fax:   (334) 387-3222

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the following counsel of record:

Hon. Stephen R. Hamner
Post Office Box 7111
Dothan, AL 36302

6

by placing same in the U.S. mail postage prepaid on this the 21 day of February, 2006.

_____R.E. Broughton_____
OF COUNSEL